FILED
CLERK
11/15/2018 8:32 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELLIS S. BELFER,

For Online Publication Only

                        Plaintiff,

      -against-

**MEMORANDUM & ORDER**
18-CV-00783(JMA)(ARL)

FIDELITY NATIONAL TITLE GROUP, OCWEN
LOAN SERVICING, LLC, COACH REAL ESTATE
ASSOCIATES, INC., ANGIE BELFER,

                    Defendants.
----------------------------------------------------------------X

**AZRACK, United States District Judge:**

      On January 30, 2018, *pro se* plaintiff Ellis S. Belfer ("plaintiff") filed an *in forma pauperis* complaint against Fidelity National Title Group ("Fidelity"), Ocwen Loan Servicing, LLC ("Ocwen"), Coach Real Estate Associates, Inc. ("Coach"), and Angie Belfer ("Angie"). On September 20, 2018, the Court granted plaintiff's request to proceed *in forma pauperis* and issued an Order to Show Cause ("OTSC") directing plaintiff to show why his claims are not: (1) moot given the sale of the subject property; and (2) barred by the *Rooker-Feldman* doctrine in so far as plaintiff seeks to challenge the judgment of foreclosure entered in the state court by October 22, 2018.

      Plaintiff timely responded to the OTSC by letter and seemingly agreed that the claims in his original complaint are now moot. (ECF No. 8.) However, plaintiff separately filed a Letter Motion to Amend his Complaint together with a proposed amended complaint. (ECF No. 9.) The Court grants plaintiff's request to amend his complaint, but *sua sponte* dismisses the amended complaint without prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

1

## I. THE AMENDED COMPLAINT

All material allegations in the amended complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

Plaintiff's proposed amended complaint removes Fidelity as a defendant and adds Daniel Gale Sotheby's International Realty-Stony Brook ("Sotheby's," together with Ocwen, Coach, and Angie, "defendants"). He alleges Sotheby's was his real-estate agent for the purchase of the property at issue. (See Mot. for Am. Compl. ¶¶ 1-2.) The amended complaint again references a property that plaintiff and Angie apparently once owned which Ocwen foreclosed upon, as well as unsubstantiated concerns that there may be some environmental hazard present on the property. (See generally, Am. Compl.) Plaintiff acknowledges that Ocwen transferred the title to itself after the foreclosure proceedings. (Id. ¶ 12). However, as part of plaintiff's claims for relief, he requests that Coach pay for a "Phase 1 environmental assessment" and any necessary remediation on this property that he acknowledges he no longer owns. (Id. ¶ 15.) He further requests "the inventory and remov[al] of all his personal property on the premises," and compensatory damages in the amount of $63,845.93. (Id. ¶ 16-17.)

When a party moves to amend a complaint, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Given the plaintiff's *pro se* status, and that it is his first request to amend the complaint, the Court grants plaintiff's motion. Nevertheless, for the following reasons, the amended complaint is *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. DISCUSSION

### A. Standard of Review

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Further, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28

U.S.C. § 1915(e)(2)(B).

**B.     Plaintiff's Environmental Claims**

Affording the *pro se* amended complaint a liberal construction as the Court must, at best, the only potential federal claims raised by plaintiff relate to three federal environmental statutes: The Clean Water Act ("CWA") 33 U.S.C. § 1251 et seq.; the Safe Drinking Water Act ("SDWA") 42 U.S.C. § 300f et seq.; and the Comprehensive Environmental Response, Compensation, and Liability Act ("CECRLA") § 9601 et seq. (See Am. Compl. ¶¶ 6, 14). However, the amended complaint merely alleges in conclusory fashion that there may be some unclear environmental hazard on the subject property, without providing any factual support, and even acknowledges that Suffolk County found no contamination of the water at the subject property. (See Am. Compl. ¶ 4.) Plaintiff's failure to plausibly allege an environmental hazard is fatal to his claims. Moreover, even assuming, for the sake of argument, that plaintiff could plead the existence of an environmental hazard—plaintiff would still fail to set forth a plausible claim for relief under any of the three statutes.

First, to commence a citizen suit under the CWA or SDWA, plaintiff must ensure the absence of diligent prosecution by the government and provide proper notice of his intent to file suit 60 days prior to commencing such suit. See 33 U.S.C. § 1365(b)(1) (CWA); 42 U.S.C. § 300j-8(b) (SDWA). Nowhere in the amended complaint does plaintiff contend he complied with these statutory prerequisites. Accordingly, any potential claims arising under the CWA or SDWA must be dismissed on that basis.

Further, while plaintiff mentions CERCLA in his amended complaint, it does not appear that plaintiff's amended complaint raises any cause of action under CERCLA. (Am. Compl. ¶ 6.) Rather, it seems that, as a remedy for his potential state law fraud and negligence claims, plaintiff wants this Court to order a "Phase 1 Environmental Site Assessment" to determine if there is an

environmental hazard present at the subject property.[1]  (Id. ¶ 15.)

Moreover, even if plaintiff's amended complaint does seek to raise a claim under CERCLA, the statute only allows private parties to seek to recover the costs they incurred in voluntarily cleaning up a contaminated site or, when they contributed to the hazard, to receive contribution from other actors who also contributed to the site's contamination.  42 U.S.C. §§ 9607(a)(4)(B), 9613(f)(1), 9613(f)(3)(B).  Plaintiff, however, does not claim he incurred costs in cleaning up a contaminated site, nor that he or any of the defendants contributed to the site's alleged contamination.  Thus, plaintiff has not alleged any facts from which the Court could liberally construe a plausible claim for relief under CERCLA.

Accordingly, upon a liberal reading of the amended complaint, plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570. Thus, plaintiff's amended complaint is *sua sponte* dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction."  *Id.* § 1367(c); (c)(3); *see*

---

1 Although plaintiff may believe such an assessment would allow him to assert an "Innocent Landowner Defense" under CERCLA (See Am. Comp. ¶ 6), to make that claim, plaintiff would have to first be a "Potentially Responsible Party" under the statute.  A "Potentially Responsible Party" under CERCLA is: (i) the current owner of the subject property; (ii) the owner at the time the alleged hazardous substance was disposed of; (iii) someone who arranged for the disposal or treatment of hazardous substances by a third party; or (iv) someone who accepted hazardous substances for transport.  See 42 U.S.C. § 9607(a).  Plaintiff acknowledges he no longer owns the subject property and certainly makes no reference in the amended complaint that he was the owner at the time a hazard was disposed of, nor that he arranged for or accepted hazardous substances.  Thus, plaintiff has not pled enough facts to construe a plausible claim for relief pursuant to the CERCLA "Innocent Landowner Defense."

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d. Cir. 2011). The Supreme Court explained: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a viably pled federal law claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the amended complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in plaintiff's amended complaint and dismisses any such claims without prejudice because "it 'has dismissed all claims over which it has original jurisdiction.'" Kolari v. N.Y. Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)).

**D.     Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to further amend his complaint. Because plaintiff was already granted leave to amend and the proposed amended complaint again failed to state any plausible claim upon which relief can be granted, leave to further amend is denied.

6

## III. CONCLUSION

For the forgoing reasons, plaintiff's motion to amend the complaint is granted, but the amended complaint is *sua sponte* dismissed without prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims and any such claims are also dismissed without prejudice. The Clerk of the Court is directed to close this case and to mail a copy of this Order to plaintiff at his last known addresses.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should plaintiff seek leave to appeal *in forma pauperis*, such status for the purpose of an appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**　　　　　　　　　　　　　　　　　　/s/ (JMA)
　　　　　　　　　　　　　　　　　　　　　　　　Joan M. Azrack
Dated: November 15, 2018　　　　　　　　　United States District Judge
　　　　Central Islip, New York